FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

05 JUL 15 PM 2:27

SIGN_____
by DEPUTY CLERK

**IN RE: 1994 CHEMICAL
PLANT FIRE**

**MASTER DOCKET NO: 94-MS-3-C-1**

**JUDGE RALPH E. TYSON**

**MAGISTRATE JUDGE RIEDLINGER**

## MEMORANDUM AND ORDER

Plaintiffs in this matter have moved the Court for an order certifying for immediate appeal this Court's ruling of May 19, 2005 which affirmed the Magistrate Judge's rulings of April 7 and April 29, 2005[1] granting defendant's request for entry of a *Lone Pine* order. Plaintiffs allege that the entry of the challenged *Lone Pine*[2] order in this case involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.[3]

Defendant has opposed the motion alleging that plaintiffs have failed to meet the statutory requirements for the granting of an interlocutory appeal. Defendants assert that, other than in their conclusory statements in support of the motion, plaintiffs have failed to

---

[1] Plaintiffs incorrectly alleged that the challenged order was entered on April 25, 2005.

[2] **Lore v. Lone Pine Corporation,** 1986 WL637507.

[3] See **28 U.S.C. §1292(b).**

identify any controlling question of law in connection with the *Lone Pine* order as to which there is a substantial ground for difference of opinion and as to which an appeal may materially advance termination of this litigation.

Although defendant's arguments appear to have merit, the plaintiffs' motion will be denied for an even more basic reason — no *Lone Pine* order has yet been entered in this matter.

*Lone Pine* orders are case management tools designed to help the court manage the complex issues which may burden the court and the parties in mass tort litigation such as this. Such orders are intended to lead to the prompt development of relevant information regarding claims asserted by individual plaintiffs. The Fifth Circuit has recognized that such orders are issued under the wide discretion afforded to district courts in the management of discovery under Fed. R. Civ. P. 16.[4]

In this case, in his supplemental ruling of April 29, 2005, the Magistrate Judge indicated that, following the lapse of appellate deadlines or upon the denial of an appeal of his order, a deadline *will be set* for defendant Exxon/Mobil to identify those plaintiffs who will be subject to the *Lone Pine* order. Following that, and after further consultation with counsel, the Magistrate Judge indicated that a *Lone Pine* order would then be entered in conformity with his ruling. Since the conditions precedent to the issuance of the *Lone Pine* order have not yet been accomplished and the order has not yet been entered,

---

[4] See **Acuna v. Brown & Root**, 200 F.3d 335 (5th Cir. 2000).

plaintiffs' request for certification of an interlocutory appeal of such an order is premature.

Accordingly, plaintiffs' Motion for Order Certifying for Immediate Appeal is DENIED.

Baton Rouge, Louisiana this 15th day of July, 2005.

**RALPH E. TYSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**